UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DYANN MOFFET,

      Plaintiff,                        Case No. 06-12157

v.                                 HONORABLE DENISE PAGE HOOD

JO ANNE BARNHART
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## <u>ORDER ACCEPTING REPORT AND RECOMMENDATION</u>

This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and

Recommendation dated April 30, 2007. Defendant filed objections to the Report and

Recommendation on May 14, 2007.

Plaintiff brought this action under 42 U.S.C. § 405(g) and §1383(c)(3) to challenge the

Commissioner of Social Security's final decision denying her application for SSI. The

Administrative Law Judge (hereinafter "ALJ") found that Plaintiff has not engaged in substantial

gainful activity since the alleged date of onset of her disability. (Tr. 29). The ALJ also found

that the medical evidence supports the conclusion that Plaintiff suffers from "severe depression,

borderline intellectual functional, and a history of substance dependence (in sustained

remission)"; however the Plaintiff does not have an impairment or combination of impairments

that meet or equal a listing. *Id.* The ALJ also concluded that Plaintiff has a Residual Functional

Capacity (hereinafter "RFC") to "perform simple, routine, low stress work" and that she "can

tolerate superficial contact with co-workers and supervisors, but she should not perform work

that involves dealing with the general public". *Id.* These limitations, the ALJ reasoned, prevent Plaintiff from performing her past relevant work but not from working altogether. In response to the hypothetical question posed by the ALJ, the Vocational Expert (hereinafter "VE") stated that thousands of jobs exist in the economy that a person with Plaintiff's RFC is capable of performing. The ALJ concluded that Plaintiff, despite her limitations, is capable of performing jobs that exist in significant numbers in the national economy. Accordingly, the ALJ found that Plaintiff is not under a disability as it is defined in the Social Security Act. 20 C.F.R. §416.920.

The Magistrate Judge acknowledged that once an ALJ determines a claimant cannot perform his or her past relevant work, the burden of proof shifts to the ALJ to show that a significant number of jobs exist in the national economy that the plaintiff is capable of performing. If an ALJ is going to rely on the testimony of a VE to meet this burden, the opinion of the VE must be given in response to an accurate hypothetical question posed by the ALJ. *Bradshaw v. Heckler*, 810 F. 2d. 78, 790 (8th Cir. 1987). In order to be acceptable, a hypothetical question must accurately portray the physical and mental limitations of the claimant. *Varley v. Sec'y of Health and Human Services,* 820 F.2d 777, 779 (6th Cir. 1987). In this case the Magistrate Judge found that the RFC of Plaintiff, as described in the hypothetical question posed to the VE, did not adequately portray Plaintiff's limitations in regards to concentration, persistence, and pace. As such, the ALJ's reliance on this testimony as substantial evidence that significant numbers of jobs exist that Plaintiff is capable of performing, was not appropriate.

In reaching this conclusion, the Magistrate Judge noted that the evaluative scale previously used under the regulations required a claimant's concentration, persistence, and pace

limitations to be rated on the following frequency scale: never, seldom, often, frequent, and constant. Now, the amended regulations require evaluation of such limitations on a scale based upon severity: none, mild, moderate, marked, and extreme. C.F.R. §404.1520a(c)(4). The Magistrate Judge stated that comparison between these two scales leads to the conclusion that limitations classified as "moderate" are comparable to limitations that occur "often", and therefore both of these dimensions should be considered when evaluating a claimant's limitations in concentration, persistence, or pace. In this particular case, the hypothetical question posed by the ALJ addressed Plaintiff's limitations resulting from the intensity or severity of her concentration problems by stating that Plaintiff has a RFC to perform "simple, routine work with limited stress". The ALJ's hypothetical question did not, however, accurately address Plaintiff's limitations resulting from the other component of problems with concentration, persistence, and pace which is the frequency at which the problems occur. The hypothetical question posed by the ALJ did not accurately portray Plaintiff's limitations in regards to concentration, persistence, or pace, and should not have been relied upon as substantial evidence that Plaintiff was capable of performing certain jobs within the economy.

The Magistrate Judge also concluded that when an ALJ makes a finding that a claimant "often" suffers from concentration problems, or in other words, has "moderate" limitations of concentration, the hypothetical question must either specifically reference such limitations or include other accurate descriptions of the concrete job restrictions resulting from the problems; in order to accurately portray the claimant's limitations to the VE. In *Smith v. Halter,* the ALJ found that the claimant "often" suffered deficiencies of concentration, but he failed to include a specific reference to this finding in the hypothetical question posed to the VE. *Smith v. Halter,*

307 F.3d 377, 379 (6th Cir. 2001). On appeal, the Sixth Circuit rejected the claimant's argument that the ALJ's hypothetical question was inadequate. In doing so, that Court reasoned that although the ALJ had not included a specific reference to the "frequency" of claimant's limitations relating to concentration, the ALJ had developed and included in the question a more complete and individualized description of these limitations. *Id.* The court concluded that the ALJ had "translated [the claimant's] condition into the only concrete restrictions available to him" which were "restrictions against quotas, complexity, stress, etc." *Id.* at 379. The court noted in its decision, however, that four of five physicians who had evaluated the claimant characterized his concentration problems as minimal or negligible. *Id.* Furthermore, the ALJ in *Smith* incorporated into his hypothetical question the exact language of one of the evaluating doctor's assessments of the claimant's limitations. The Magistrate Judge distinguished the present case from *Smith* because here there was no medical evidence minimizing the Plaintiff's limitations in concentration, persistence, or pace. The Magistrate Judge found that the ALJ in the present case failed to include language directly stating the frequency at which Plaintiff's concentration problems occur, or in the alternative, other concrete job restrictions that could sufficiently portray the effects of Plaintiff's limitations resulting from problems with concentration, persistence, or pace. For these reasons, the Magistrate Judge found that the ALJ's hypothetical question did not accurately represent Plaintiff's limitations, and further administrative proceedings are necessary to determine whether or not Plaintiff is truly capable of substantial gainful activity in consideration of a more accurate portrayal of her problems and limitations.

Pursuant to *Faucher v. Sec'y of HHS*, the Magistrate Judge further concluded that remand

for further administrative proceedings is appropriate in this case because all essential factual issues have not been resolved. 17 F.3d 171, 176 (6th Cir. 1994). Because this remand was not granted in relation to the "new" evidence first provided by Plaintiff to the Appeals Council, the ALJ may consider this "new" evidence on remand.

The Court after having an opportunity to review this matter, finds that the Magistrate Judge reached the correct conclusions for the proper reasons. The Court agrees with the Magistrate Judge's finding that the hypothetical question posed by the ALJ to the VE did not sufficiently portray all of Plaintiff's physical and mental limitations. Although the ALJ addressed one facet of concentration problems in the hypothetical question, the other component of such problems, the frequency at which they occur, was not addressed. As such, this Court agrees that further development of the record is required in order to understand the full implications of Plaintiff's concentration limitations.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Pepe **[Docket No. 11, filed April 30, 2007]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 9, filed October 30, 2006]** is DENIED without prejudice.

IT IS FURTHER ORDER that Plaintiff's Motion for Summary Judgment **[Docket No. 8, filed September 29, 2006]** is GRANTED IN PART as to Remand and DENIED without prejudice as to an award of benefits.

IT IS FURTHER ORDERED that this matter is CLOSED and REMANDED back to the

Commissioner for further proceedings and findings consistent with this Order and the Magistrate Judge's Report and Recommendation. After a hearing and additional findings have been made, either party may move to reopen this action, and the Commissioner shall thereafter file with the Court any additional evidence and findings and decision, including any additional record pursuant to 42 U.S.C. § 405(g). The matter will then be referred to the Magistrate Judge for a Report and Recommendation on the additional findings, if any. The Court will then issue its decision on the matter.


s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge



I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2007, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager